IN THE MATTER OF HENRY TROTH, Bankrupt.

*(Circuit Court, D. New Jersey.* January 31, 1880.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—"CONVEYANCE IN VIOLATION OF THE PROVISIONS OF THE BANKRUPT ACT"—REV. ST. § 5129.—A voluntary assignment for the benefit of creditors, under a law of the state of New Jersey, which "imposes restraints upon the rights to participate in the distribution of the assigned estate," inconsistent with the bankrupt act, and changing "the course of their administration" under the act, is a "conveyance in violation of the provisions of the bankrupt act," within the scope of section 5129 of the Revised Statutes.

SAME—DEBTS PROVED UNDER ASSIGNMENT—COMPOSITION RESOLUTION.—Creditors who have proved their debts under such assignment are still competent to vote upon a composition resolution at any time within six months after such assignment was made.

Bill of Review.

MCKENNAN, J. This bill prays for a reversal of the order of the district court approving a resolution of composition adopted by the creditors of Henry Troth, and· ordering it to be recorded.

It appears that on the thirtieth of August, 1878, Henry Troth filed his petition in bankruptcy, and that on the twenty-first of October following, at a meeting of his alleged creditors, a resolution of composition was adopted by the required number of creditors, representing the required amount of claims against the bankrupt.

On the tenth of April, 1878, the bankrupt made a voluntary assignment of all his property for the benefit of his creditors, under which all the creditors, who approved of the composition, proved their debts, and made claim to their dividend of the assigned assets. The complainant, on this proceeding, refused to prove under the assignment or to assent to the composition.

Hence it is urged that the resolution of composition was not lawfully adopted, and ought not to have been approved by the district court.

By the statute of New Jersey relating to voluntary assignments, the assignee is invested with a complete title to all the property of the assignor at the date of the assignment,

which property he holds for the benefit only of those creditors who prove their debts within a fixed period, their right to participate in the distribution of it thereby becoming vested. All other creditors are excluded from any share of the assigned estate, but their rights are not otherwise affected.

By the plain terms of the statute, as well as by repeated judicial exposition of it, the participating creditors are barred of any suit, in law or equity, against the assignee, except in respect of the property upon which the assignment operates. He is protected against personal liability to them, his future acquisitions are unavailable to them, and in every beneficial and practical sense the relation of debtor and creditor between them ceases to exist. It follows, therefore, that if the title of the voluntary assignee to the property conveyed by the assignment is indefeasible by the assignee in bankruptcy, the creditors who proved their claims under the assignment could not pass a valid resolution of composition.

This depends upon the effect of the thirty-fifth section of the original bankrupt act, which has been divided into sections 5128 and 5129, in the Revised Statutes.

The first of these sections (5128) avoids preferences to creditors, when made within *four* months before the date of proceedings in bankruptcy; and the latter (5129) avoids all conveyances made in violation of the provisions of the bankrupt act within *six* months of the date of such proceedings.

It is only necessary to say, in reference to the act of June 22, 1874, that it is inoperative in this case. Its abbreviation of the period within which preferences and conveyances in violation of the bankrupt law may be avoided is expressly limited to cases of involuntary bankruptcy, leaving the original enactment unchanged in all cases of voluntary bankruptcy.

I think there is no reason to doubt that the voluntary assignment here does not fall within the class of preferences to which section 5128 of the Revised Statutes exclusively applies, and which are avoidable when made within *four* months before the date of proceedings in bankruptcy. By the terms of the state law under which it was made all the property of the assignor vests in his assignee for the equal benefit

of all his creditors, and the right of all the creditors to participate in it, without discriminating conditions, is recognized and secured. But, inasmuch as the state law imposes restraints upon the right to participate in the distribution of the asssigned estate which are inconsistent with the bankrupt act, and so changes the course of their administration under the latter act, it is a "conveyance in violation of the provisions of the bankrupt act," and is thus brought within the scope of section 5129. For the avoidance of such conveyances six months are allowed by that statute.

This classification of the assignment in question is sustained by the opinion of the supreme court in *Mayer v. Hillman*, 1 Otto, 496. In that case it was held that a voluntary assignment, under the laws of Ohio, for the equal and common benefit of all the creditors of the assignor, is not fraudulent, and if voidable it must be because it may be deemed necessary for the efficiency of the bankrupt act that the administration of an insolvent's estate shall be entrusted to the direction of the district court, and not left under the control of the appointee of the insolvent, and hence that proceedings to avoid such an instrument may be commenced within *six* months. And such is the import of other decisions of the same court.

As the proceedings in bankruptcy in this case were begun within *six* months after the date of the voluntary assignment, that instrument was not then indefeasible, but might have been declared invalid at the instance of an assignee in bankruptcy. The creditors who proved their debts under the voluntary assignment, therefore, still sustained that relation to the bankrupt, and were competent to vote upon a composition resolution. As that resolution was lawfully adopted, it was properly approved by the district court, and the bill must, therefore, be dismissed, with costs,